# STARKWEATHER

## *v.*

# THE WEST END NATIONAL BANK.

Sci. Fa. on Judgment; Pleading and Practice; Judgments, Execution and Satisfaction of; Appealable Orders; Special Appeals.

1. Where the form of a *sci. fa.* on a judgment is the same as that used in this District from the time of its cession by Maryland and in that State from time immemorial before the cession, and an objec-

tion by the judgment debtor to its form would invalidate almost every such proceeding by *sci. fa.* ever had here, a very forcible showing will be required to sustain the objection.

2. The assignment or transfer by a judgment creditor of the judgment, or its satisfaction, when not shown by the record, is matter of defense in a proceeding by *sci. fa.* on the judgment, to be availed of by plea, and is not necessary to be shown in the writ.

3. The legal meaning of the words of the writ of *sci. fa.* in use in this District, that " execution for the debt, damages, costs and charges, still remains to be made," is that there has been no satisfaction, execution of a judgment being the satisfaction of it; so that a writ of *sci. fa.* containing those words shows that there has been no satisfaction, any objection by the judgment debtor to the contrary being the result of a misconception of the language of the writ, arising from confusing the writ, or order to the marshal to execute, and the execution itself.

4. An order overruling a demurrer to a writ of *sci. fa.* on a judgment, is not an appealable order, unless an appeal is specially allowed; and when an appeal is taken from such an order, without leave, and the appellant states in open court that he intended to stand by his demurrer and have the order made final, and this court entertains the appeal, although disclaiming the establishment thereby of a precedent, the proper entry will be made in the court below when the cause is remanded.

No. 1213.  Submitted January 23, 1903.  Decided February 4, 1903.

HEARING on an appeal by the judgment defendant (although not specially allowed) from an order of the Supreme Court of the District of Columbia, overruling a demurrer to a writ of *scire facias* on a judgment.            *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Richard P. Evans* for the appellant.

*Mr. J. H. Ralston* and *Mr. F. L. Siddons* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

On June 7, 1898, the appellee, a national bank in the District of Columbia, obtained a judgment in the Supreme Court of the District against the appellant, George B. Starkweather,

in the sum of $4,900, with interest and costs, upon some promissory notes. No writ of execution was issued thereon; and it seems that the judgment was permitted to lie dormant until December 26, 1901, a period of upwards of three years, when a writ of *scire facias* was issued to revive it. The appellant, served with the process, appeared and demurred to the writ as a declaration, on the ground that it did not state a sufficient cause of action, inasmuch as it failed to allege that the plaintiff was yet the owner of the judgment, and the judgment remained unsatisfied. The demurrer was overruled, and the defendant has appealed from the order overruling it.

As appears from the record, the form of the writ of *scire facias* used in this case is the same that has been used to serve both as writ and declaration, from the time of the cession of this District by the State of Maryland, and in the State of Maryland we may say from time immemorial before the cession. The contention of the appellant would seek to invalidate almost every proceeding in *scire facias* that has ever been had in this District. It should therefore require a very forcible showing to sustain such a position. We fail to find any support for the contention.

With reference to the proposition that the writ is defective as a declaration, since it fails to show present right and title in the plaintiff to the judgment procured by him, it is sufficient to say, if the argument is at all relevant or important, that it is unnecessary to allege what already appears sufficiently upon the record. The judgment appears on the record as that of the plaintiff. It must be presumed to be his until the contrary is shown. If it is important to the judgment debtor's rights to show that the judgment creditor has assigned or disposed of the judgment, it is for the debtor to show it. It is matter of defense to be availed of by plea.

Principal reliance is placed on the absence of allegation in the writ that the judgment has not been satisfied. But here again the record shows that there has been no satisfaction; and it is for the debtor as matter of defense to show the contrary, if it has in fact been paid or satisfied. But the

appellant's whole argument in this regard is based upon a misconception of the tenor and language of the writ. The legal meaning of the words used in the writ — that " execution for the debt, damages, costs and charges still remains to be made "— is that there has been no satisfaction. Execution of a judgment is the satisfaction of it. The misconception arises from confusing the writ or order issued to the marshal or sheriff to execute and the execution itself.

We are of opinion that the appellant's demurrer was properly overruled by the court below.

It is proper to note some irregularity in the appeal in this case, although no point has been made of it by the appellee. An order overruling a demurrer is not an appealable order, unless specially allowed; and here was an appeal from such an order. But the appellant stated in open court that his purpose was to stand by the demurrer and to have the order made final; and the argument was proceeded with before us by both parties on that understanding. This much it seems proper to say in order that the case may not be drawn into a precedent, and so that the proper entry be made in the court below when the cause is remanded to it.

The order appealed from should be affirmed, with costs; and the cause will be remanded to the Supreme Court of the District of Columbia for such further proceedings therein according to law as may be right and proper. And it is so ordered. *Affirmed.*